## IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | Case No. 16-32056 |
| | ) | |
| LaSHAWN JOHNSON, | ) | Chapter 13 |
| | ) | |
| Debtor(s). | ) | Judge COX |

## NOTICE OF MOTION

*The following persons or entities who have been served via electronic mail:*
U.S. Bankruptcy Trustee: USTPRegion11.ES.ECF@usdoj.gov
Tom Vaughn, Chapter 13 Trustee: ecf@tvch13.net

*The following persons or entities who have been served via first-class U.S. Mail:*
See attached list.

Please take notice that I shall appear before the following named Bankruptcy Judge, or any other Judge presiding in her stead at 219 South Dearborn Street, Chicago, IL 60604, and present the attached **Motion to Incur Debt,** at which time and place you may appear.

| | |
|---|---|
| JUDGE: | Cox |
| ROOM: | 680 |
| DATE: | March 26, 2018 |
| TIME: | 9:30 AM |

## PROOF OF SERVICE

The undersigned certifies that a copy of this Notice of Motion and attachments were deposited at the United States Post Office, Wheeling, Illinois, 60090, on or before March 20, 2018, at 5:00p.m., with sufficient postage prepaid, or served electronically by the bankruptcy court, under oath and under all penalties of perjury.

/s/ Ryan J. McCready
Ryan J. McCready, A.R.D.C. #6308289
Attorney for the Debtor(s)

DAVID M. SIEGEL & ASSOCIATES
790 Chaddick Drive
Wheeling, IL  60090
847/520-8100

_To the following persons or entities who have been served via first-class U.S. Mail_

LaShawn Johnson
5306 Crosswind Dr.
Richton Park, IL 60471

U.S. Bankruptcy Trustee
Tom Vaughn
55 E. Monroe Suite 3850
Chicago IL, 60603

M & T Bank
P.O. Box 840
Buffalo, NY 14240-0840

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | **16-32056** |
| **LaSHAWN JOHNSON** | ) | |
| | ) | **Chapter 13** |
| **Debtor(s).** | ) | |
| | ) | **Hon. Judge: COX** |

### MOTION TO ALLOW LOAN MODIFICATION AND SHORTEN NOTICE

NOW COMES the Debtor, LaSHAWN JOHNSON, by and through their attorneys, DAVID

M. SIEGEL AND ASSOCIATES, LLC, to present this Motion, and in support thereof states as

follows:

1) Jurisdiction is proper and venue is fixed in this Court with respect to these parties.

2) On October 7th, 2016, the Debtor filed a voluntary petition for relief pursuant to Chapter 13

under Title 11 USC and Tom Vaughn was appointed Trustee in the case.  The Chapter 13

plan was confirmed on January 9th, 2016.

3) The Debtor's Chapter 13 plan provides for payments of $610.00 per month for an initial

plan term of 36 months, with payments to the General Unsecured Creditors of 10% of their

allowed claims.

4) The Debtor has paid $10,230.00 into her Chapter 13 Plan.

5) Since filing the Debtor has fallen behind on mortgage payments and sough offers for loan

modifications.

6) The Debtor has received a good faith estimate from M&T Bank for a HAMP Modification

to her existing loan agreement (*See* Exhibit A).  The modification clears up roughly 9

months of post-petition mortgage arrears plus attorney fees in exchange for a subordinate

note and a subordinate mortgage due when the mortgage is paid or the house is sold.

7) There will be no change in either the Debtor's Monthly Plan Payment amount

9)    The proposed terms of this refinance will help the Debtor to complete her chapter 13

reorganization of debt.

10)    This motion to refinance is brought in good faith and without the intent to defraud creditors.

11)    Debtor requests that this motion be heard on shortened notice; she was given a deadline of

March 29th to return the signed and notarized loan modification. Irreparable harm would

occur if the debtor is unable to obtain a loan modification.

WHEREFORE, the Debtor, LaSHAWN JOHNSON, pray that this Honorable Court enter an

Order granting Debtor's Motion to Refinance and for other such relief as the Court deems fair and

proper.

Respectfully Submitted,

/s/ Ryan J. McCready
Michael R. Colter, II, A.R.D.C. #6308289
Attorney for the Debtor


DAVID M. SIEGEL & ASSOCIATES
Attorney for the Debtor(s)
790 Chaddick Drive
Wheeling, IL  60090
847/ 520-8100



February 28, 2018

LASHAWN JOHNSON
5306 CROSSWIND DR
RICHTON PARK, IL 60471

Re:  Loan Number  0091335034

Dear Mortgage Customer(s):

We are pleased to enclose your loan modification documents.  In addition to the Loan Modification, the documents included in this package may include a Subordinate Note and Subordinate Mortgage/Deed of Trust, which is referenced on a separate letter.

This letter will explain what you have to do and is broken down by steps you have to complete.  As you finish each step, you can "check the box" next to the requirement so you will know it's done.

**IMPORTANT INFORMATION:**

We must receive these documents, properly signed and notarized by **March 29, 2018** in order for processing of your loan modification to continue.  If applicable, you must include **$0.00** as your contribution amount.

M & T Bank reserves the right to decline your loan modification, even after we receive these documents, if we determine there are title issues relating to your property that would negatively affect its lien priority.

If all requirements of the loan modification have been met, including receipt of required funds, M & T Bank will sign the loan modification documents where applicable, and send you a copy for your records.

It can take up to sixty (60) days for all of the changes associated with your modification to be completed.  You will not receive a billing statement during this period.  Until you receive a statement that shows the changes, please continue to make your new monthly payment in the amount of **$854.80** and send to:

M & T Bank
P.O. Box 840
Buffalo, NY 14240-0840
Attention: Homeowner Assistance Center.

We have enclosed two (2) temporary payment coupons you can use to make your payments.

Revised 11.16.16

If you do not send in your monthly payments, M & T bank won't be able to apply any funds collected for your loan modification, such as late fees and returned check fees, until your loan is brought current.

**QUESTIONS ABOUT THIS LOAN MODIFICATION PACKAGE:**

If you have any questions, please contact your SPOC representative at 1-800-724-1633.

Sincerely,

M&T Bank
Homeowner Assistance Center
Hours: Mon.-Thur. 8am-9pm, Friday 8am-5pm, Saturday 8am-12pm EST
Phone: 1-800-724-1633
Fax: 1-855-678-0866
5JJ

Revised 11.16.16

## HOW TO COMPLETE THE LOAN MODIFICATION PACKAGE:

**CHECK EACH STEP ONCE COMPLETE**

**STEP 1:  SIGN THE DOCUMENTS:**

____Sign all documents in BLACK INK.

____Sign all originals and copies where indicated by "sign here" stickers.

____Sign your name exactly as printed below each signature line.

____Where indicated, sign in the presence of a Notary Public.

____The Notary Public must fully complete each acknowledgement.

____The Notary Public must place his/her notary stamp or seal where indicated.

____The Notary Public's signature must be legible.

____The Notary Public must fill out the "Notary Public Information Form."

**STEP 2:  KEEP YOUR COPIES:**

____We have labeled those documents you should keep for your records.

**STEP 3:  CONTRIBUTION AMOUNT:**

____If required, please include a check or money order payable to "M & T Bank" in the amount of **$0.00** which is your contribution amount.

**STEP 4:  RETURN THE DOCUMENTS:**

____Place all signed documents and contribution check, if applicable, in the enclosed prepaid UPS envelope.

____Call UPS at 800-PICK-UPS (800-742-5877) to pick up your package, or drop off the package at a UPS location.  For the drop off location nearest you, go to www.ups.com/dropoff.

Revised 11.16.16

# M&T Bank

The Bankruptcy Court or Trustee **MUST** approve this workout and a copy of that approval must accompany the signed modification documents by the date indicated in the enclosed documents. Please **DO NOT** execute the attached documents until Bankruptcy Trustee approval is obtained.

Rvsd 11.16.16

# M&T Bank

February 28, 2018

LASHAWN JOHNSON
5306 CROSSWIND DR
RICHTON PARK, IL 60471

Re:  Loan #0091335034

Dear Mortgage Customer:

We would like to inform you that your application for a HAMP Modification Agreement
has been approved subject to the following:

You are responsible for the fees and costs associated with the processing of the
partial claim.  We have estimated these costs to be:

| | | | |
|---|---|---|---|
| Payments | 4 | @ | $822.00 |
| | 5 | @ | $854.80 |
| Late Charges | | | $0.00 |
| Other Fees | | | $1,164.00 |
| Corporate Advance | | | $0.00 |
| Total | | | $8,726.00 |
| Funds received | | | -$0.00 |
| Remaining balance | | | $0.00 |

HUD will advance the nine monthly payments you are behind plus attorney fees
in the amount of $1,164.00, this together with the above contribution will bring
the account current.

I have enclosed an interest free subordinate note and a subordinate mortgage to
HUD for the nine monthly payments, attorney fees and a principal balance
reduction in the amount of $0.00 for a total of $8,726.00.  The documents need to
be signed, notarized and returned for recording.  The subordinate mortgage
becomes a lien on the property, however does not become due until the above
referenced mortgage is paid in full and /or the property is sold.   To obtain a
payoff statement you will need to contact Novad Management Consulting,
at 1-877-622-8525.



## ATTENTION

It is extremely important that the documents are executed correctly and returned promptly to ensure the acceptance of the Partial Claim by M&T Bank. I have enclosed three copies of both the subordinate note and subordinate mortgage. **ALL COPIES MUST BE EXECUTED AND RETURNED.** If there are any questions concerning the execution of the document please contact me immediately at 1-800-724-1633. If the agreement is not executed as instructed or is not returned by the date specified in the attached approval letter the approval for the Partial Claim will be rescinded.

The following document must be executed in BLACK ink only.

**LASHAWN JOHNSON** (the *"Borrower"*) must sign where indicated by the flag marked "sign here".

Each signature on the subordinate mortgage(s) must be witnessed by a notary public.

### ***INSTRUCTIONS FOR THE NOTARY PUBLIC***

The notary acknowledgement must be fully completed.
All lines to be completed are flagged and/or highlighted.
The notary public must witness all Borrowers' signatures.
The notary seal and/or stamp must be affixed by each acknowledgement.

**The executed documents are to be returned with the certified funds of $0.00 no later than March 29, 2018.** You are provided with an overnight return envelope for the documents and certified funds.

You will be responsible for keeping your loan current starting with the March 1, 2018 estimated payment of $854.80. **Until you receive a new payment coupon reflecting the changes, continue to make your monthly payment to: M&T Bank,   P. O. Box 840, Buffalo, NY 14240-0840, Attention: Homeowner Assistance Center.**

If you have any questions, please call your Homeowner's Assistance Representative at 1-800-724-1633.

Sincerely,

Homeowner Assistance Center
1-800-724-1633

---

I _Lashawn Johnson_ understand and agree to comply with the aforementioned conditions outlined, concerning the acceptance of the Partial Claim for the property located at 5306 CROSSWIND DR RICHTON PARK, IL 60471, loan number 0091335034

| | | | |
|---|---|---|---|
| Borrower | 3/9/18 Date | Co-borrower | Date |

# COOPERATION/CORRECTION AGREEMENT
## LIMITED POWER OF ATTORNEY

The undersigned Borrower(s) has/have entered into a transaction with Lakeview Loan Servicing, LLC ("Lender"), involving Borrower(s)'s execution of several agreements, instruments and documents (collectively, the "Original Documents"). Upon request by, or on behalf of Lender, Lender's agents and/or Lender's attorneys, the undersigned Borrower(s) will, within five (5) business days of any such request, execute any agreement, document or instrument that ought to have been signed at or before the execution of the Original Documents, or will re-execute any Original Document incorrectly completed and/or signed in connection with the Original Documents. Borrower(s) failure to take any such requested action shall constitute a default under the Original Documents.

If lender has not received a response from Borrower(s) within the aforementioned five (5) business day period, the Borrower(s), for and in consideration of the transaction entered into with Lender, hereby grant Lender, Lender's agents or Lender's attorneys, and their successors and/or assigns, a power of attorney so that Lender, Lender's agent or Lender's attorney may act in Borrower(s) place and stead in any way in which Borrower(s) could act if present. Such power of attorney shall be granted for the sole purpose of executing or re-executing said Original Documents, on Borrower(s)'s behalf, without prior notice and include, without limitation the right of Lender, Lender's agents, and Lender's attorneys, to correct any typographical or clerical errors, to place Borrower(s)'s initials on documents where changes are made, to complete any and all blanks and/or to attach exhibits/schedules to any Original Document, to provide and complete the proper form of any instrument previously executed, to execute or re-execute any document or instrument that ought to have been signed at or before the execution of the Original Documents, and/or to sign Borrower(s)'s name(s) to any such document or form, and to perform any and every act required or necessary to effectuate the adjustment or correction of any such errors, without prior notice. This power of attorney shall take effect upon the date of this agreement.

The power of attorney created herein is a durable power of attorney which shall be irrevocable during the term set forth in the Original Documents (as such Original Documents may be amended, revised and/or extended), and shall not be affected by Borrower(s) subsequent disability, incompetence or incapacity.

IN WITNESS WHEREOF, the undersigned have duly executed this Correction
Agreement - Limited Power of Attorney, as of the ___9___ day of
_____March_____, in the year 2018.

                                        _____
                                        Lashawn Johnson


STATE OF ILLINOIS                    )

COUNTY OF ____Cook____               )

The foregoing instrument was acknowledged before me this ___9___ day of
_____March_____, 2018 by Lashawn Johnson.

_____
Notary Public

Printed Name: _April B. Senter_

My Commission Expires: _02/03/20_

                                        (SEAL)

                        OFFICIAL SEAL
                        APRIL B SENTER
                    NOTARY PUBLIC - STATE OF ILLINOIS
                    MY COMMISSION EXPIRES:02/03/20

## COOPERATION/CORRECTION AGREEMENT
## LIMITED POWER OF ATTORNEY

The undersigned Borrower(s) has/have entered into a transaction with Lakeview Loan Servicing, LLC ("Lender"), involving Borrower(s)'s execution of several agreements, instruments and documents (collectively, the "Original Documents"). Upon request by, or on behalf of Lender, Lender's agents and/or Lender's attorneys, the undersigned Borrower(s) will, within five (5) business days of any such request, execute any agreement, document or instrument that ought to have been signed at or before the execution of the Original Documents, or will re-execute any Original Document incorrectly completed and/or signed in connection with the Original Documents. Borrower(s) failure to take any such requested action shall constitute a default under the Original Documents.

If lender has not received a response from Borrower(s) within the aforementioned five (5) business day period, the Borrower(s), for and in consideration of the transaction entered into with Lender, hereby grant Lender, Lender's agents or Lender's attorneys, and their successors and/or assigns, a power of attorney so that Lender, Lender's agent or Lender's attorney may act in Borrower(s) place and stead in any way in which Borrower(s) could act if present. Such power of attorney shall be granted for the sole purpose of executing or re-executing said Original Documents, on Borrower(s)'s behalf, without prior notice and include, without limitation the right of Lender, Lender's agents, and Lender's attorneys, to correct any typographical or clerical errors, to place Borrower(s)'s initials on documents where changes are made, to complete any and all blanks and/or to attach exhibits/schedules to any Original Document, to provide and complete the proper form of any instrument previously executed, to execute or re-execute any document or instrument that ought to have been signed at or before the execution of the Original Documents, and/or to sign Borrower(s)'s name(s) to any such document or form, and to perform any and every act required or necessary to effectuate the adjustment or correction of any such errors, without prior notice. This power of attorney shall take effect upon the date of this agreement.

The power of attorney created herein is a durable power of attorney which shall be irrevocable during the term set forth in the Original Documents (as such Original Documents may be amended, revised and/or extended), and shall not be affected by Borrower(s) subsequent disability, incompetence or incapacity.

IN WITNESS WHEREOF, the undersigned have duly executed this Correction Agreement - Limited Power of Attorney, as of the _____9_____ day of _____*March*_____, in the year 2018.

_____
Lashawn Johnson


STATE OF ILLINOIS                        )

COUNTY OF _____*Cook*_____        )

The foregoing instrument was acknowledged before me this _____9_____ day of _____*March*_____, 2018 by Lashawn Johnson.

_____
Notary Public

Printed Name: April B. Senter

My Commission Expires: 02 / 03 / 20

(SEAL)

OFFICIAL SEAL
APRIL B SENTER
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:02/03/20

## COOPERATION/CORRECTION AGREEMENT
## LIMITED POWER OF ATTORNEY

The undersigned Borrower(s) has/have entered into a transaction with Lakeview Loan Servicing, LLC ("Lender"), involving Borrower(s)'s execution of several agreements, instruments and documents (collectively, the "Original Documents"). Upon request by, or on behalf of Lender, Lender's agents and/or Lender's attorneys, the undersigned Borrower(s) will, within five (5) business days of any such request, execute any agreement, document or instrument that ought to have been signed at or before the execution of the Original Documents, or will re-execute any Original Document incorrectly completed and/or signed in connection with the Original Documents. Borrower(s) failure to take any such requested action shall constitute a default under the Original Documents.

If lender has not received a response from Borrower(s) within the aforementioned five (5) business day period, the Borrower(s), for and in consideration of the transaction entered into with Lender, hereby grant Lender, Lender's agents or Lender's attorneys, and their successors and/or assigns, a power of attorney so that Lender, Lender's agent or Lender's attorney may act in Borrower(s) place and stead in any way in which Borrower(s) could act if present. Such power of attorney shall be granted for the sole purpose of executing or re-executing said Original Documents, on Borrower(s)'s behalf, without prior notice and include, without limitation the right of Lender, Lender's agents, and Lender's attorneys, to correct any typographical or clerical errors, to place Borrower(s)'s initials on documents where changes are made, to complete any and all blanks and/or to attach exhibits/schedules to any Original Document, to provide and complete the proper form of any instrument previously executed, to execute or re-execute any document or instrument that ought to have been signed at or before the execution of the Original Documents, and/or to sign Borrower(s)'s name(s) to any such document or form, and to perform any and every act required or necessary to effectuate the adjustment or correction of any such errors, without prior notice. This power of attorney shall take effect upon the date of this agreement.

The power of attorney created herein is a durable power of attorney which shall be irrevocable during the term set forth in the Original Documents (as such Original Documents may be amended, revised and/or extended), and shall not be affected by Borrower(s) subsequent disability, incompetence or incapacity.

IN WITNESS WHEREOF, the undersigned have duly executed this Correction Agreement - Limited Power of Attorney, as of the _9_ day of ____March____, in the year 2018.

_____
Lashawn Johnson


STATE OF ILLINOIS                          )

COUNTY OF ___Cook___                       )

The foregoing instrument was acknowledged before me this _9_ day of ____March____, 2018 by Lashawn Johnson.

_____
Notary Public

Printed Name: April B. Senter

My Commission Expires: 02/03/20

OFFICIAL SEAL
APRIL B. SENTER
(SEAL)
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:02/03/20

FHA Case No. 137-6812369-703
Loan No. XXXXXX5034

## SUBORDINATE PROMISSORY NOTE

Date: _____, 2018

5306 Crosswind Drive, Richton Park, ILLINOIS 60471 Cook County

1. PARTIES

    "Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Secretary" or "Lender" means the Secretary of Housing and Urban Development and its successors and assigns.

2. BORROWER'S PROMISE TO PAY

    In return for a loan received from Lender, Borrower promises to pay the principal sum of Eight Thousand Seven Hundred Twenty-Six And No/100 Dollars ($8,726.00) to the order of the Lender.

3. PROMISE TO PAY SECURED

    Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses, which might result if Borrower defaults under this Note.

4. MANNER OF PAYMENT

    A. Time

        On February 1, 2045, or, if earlier, when the first of the following events occurs:

        i.   Borrower has paid in full all amounts due under the primary Note and related mortgage, deed of trust or similar Security Instruments insured by the Lender, or

        ii.  The maturity date of the primary Note has been accelerated, or

        iii. The primary Note and related mortgage, deed of trust or similar Security Instrument are no longer insured by the Lender, or

        iv.  The property is not occupied by the purchaser as his or her principal residence.

    B. Place

        Payment shall be made at the Office of Housing FHA-Comptroller, Director of Mortgage Insurance Accounting and Servicing, 451 Seventh Street, SW, Washington, DC 20410 or any such other place as Lender may designate in writing by notice to Borrower.

5. BORROWER'S RIGHT TO REPAY

    Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

PC Note                                                                                    1706998LM

6.   WAIVERS

Borrower and any other person who has obligations under this Note waive the rights or presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

7.   OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all the amounts owed under this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

Borrower:

Lashawn Johnson

PC Note

1706998LM

FHA Case No. 137-6812369-703
Loan No. XXXXXX5034

## SUBORDINATE PROMISSORY NOTE

Date: _____, 2018

5306 Crosswind Drive, Richton Park, ILLINOIS 60471 Cook County

1. PARTIES

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Secretary" or "Lender" means the Secretary of Housing and Urban Development and its successors and assigns.

2. BORROWER'S PROMISE TO PAY

In return for a loan received from Lender, Borrower promises to pay the principal sum of Eight Thousand Seven Hundred Twenty-Six And No/100 Dollars ($8,726.00) to the order of the Lender.

3. PROMISE TO PAY SECURED

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses, which might result if Borrower defaults under this Note.

4. MANNER OF PAYMENT

    A. Time

    On February 1, 2045, or, if earlier, when the first of the following events occurs:

    i.   Borrower has paid in full all amounts due under the primary Note and related mortgage, deed of trust or similar Security Instruments insured by the Lender, or

    ii.  The maturity date of the primary Note has been accelerated, or

    iii. The primary Note and related mortgage, deed of trust or similar Security Instrument are no longer insured by the Lender, or

    iv.  The property is not occupied by the purchaser as his or her principal residence.

    B. Place

    Payment shall be made at the Office of Housing FHA-Comptroller, Director of Mortgage Insurance Accounting and Servicing, 451 Seventh Street, SW, Washington, DC 20410 or any such other place as Lender may designate in writing by notice to Borrower.

5. BORROWER'S RIGHT TO REPAY

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

PC Note                                                                                    1706998LM

6.  WAIVERS

Borrower and any other person who has obligations under this Note waive the rights or presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

7.  OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all the amounts owed under this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

Borrower:

Lashawn Johnson

PC Note

1706998LM

FHA Case No. 137-6812369-703
Loan No. XXXXXX5034

## SUBORDINATE PROMISSORY NOTE

Date: _____, 2018

5306 Crosswind Drive, Richton Park, ILLINOIS 60471 Cook County

1. PARTIES

   "Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Secretary" or "Lender" means the Secretary of Housing and Urban Development and its successors and assigns.

2. BORROWER'S PROMISE TO PAY

   In return for a loan received from Lender, Borrower promises to pay the principal sum of Eight Thousand Seven Hundred Twenty-Six And No/100 Dollars ($8,726.00) to the order of the Lender.

3. PROMISE TO PAY SECURED

   Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses, which might result if Borrower defaults under this Note.

4. MANNER OF PAYMENT

   A. Time

   On February 1, 2045, or, if earlier, when the first of the following events occurs:

   i.   Borrower has paid in full all amounts due under the primary Note and related mortgage, deed of trust or similar Security Instruments insured by the Lender, or

   ii.  The maturity date of the primary Note has been accelerated, or

   iii. The primary Note and related mortgage, deed of trust or similar Security Instrument are no longer insured by the Lender, or

   iv.  The property is not occupied by the purchaser as his or her principal residence.

   B. Place

   Payment shall be made at the Office of Housing FHA-Comptroller, Director of Mortgage Insurance Accounting and Servicing, 451 Seventh Street, SW, Washington, DC  20410 or any such other place as Lender may designate in writing by notice to Borrower.

5. BORROWER'S RIGHT TO REPAY

   Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

6.  WAIVERS

Borrower and any other person who has obligations under this Note waive the rights or presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

7.  OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all the amounts owed under this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

Borrower:

Lashawn Johnson

PC Note

1706998LM

**This document was prepared by:**
Lakeview Loan Servicing, LLC
4425 Ponce de Leon Blvd, 5th Floor
Coral Gables, FL 33146

**After Recording Return To:**
Ianniello Anderson, P.C.
Loss Mitigation Dept
805 Route 146
Clifton Park, NY 12065

FHA Case No.: 137-6812369-703
Loan No.: XXXXXX5034

## SUBORDINATE MORTGAGE

THIS      SUBORDINATE      MORTGAGE      ("Security      Instrument")      is      given      on
_____, 2018.  The Mortgagor is Lashawn Johnson, a single woman
whose address is 5306 Crosswind Drive, Richton Park, IL 60471 ("Borrower"). This Security Instrument is
given to the Secretary of Housing and Urban Development, whose address is 451 Seventh Street, SW,
Washington DC 20410 ("Lender").   Borrower owes Lender the principal sum of Eight Thousand Seven
Hundred Twenty-Six And No/100 Dollars ($8,726.00).  This debt is evidenced by Borrower's note dated
the same date as this Security Instrument ("Note"), which provides for the full debt, if not paid earlier, due
and payable on February 1, 2045.  This Security Instrument secures to Lender: (a) the repayment of the
debt evidenced by the Note, and all renewals, extensions and modifications of the Note; (b) the payment
of all other sums, advanced under Paragraph 8 to protect the security of this Security Instrument; and (c)
the performance of Borrower's covenants and agreements under this Security Instrument and the Note.
For this purpose, Borrower does hereby mortgage, warrant, grant and convey to the Lender, with the
power of sale the following described property located in Cook County, Illinois, which has the address of

5306 Crosswind Drive, Richton Park, IL 60471 ("Property Address");

and more fully described as follows:

**Parcel 1**: That part of Lot 56 in Final Plat of Subdivision of Greenfield Planned Unit Development Phase 2, being a resubdivision of part of Outlot A in Final Plat of Subdivision of Greenfield Planned Unit Development of Section 33, Township 35 North, Range 13 East of the Third Principal Meridian, described as follows: Commencing at the most Southeasterly corner of said Lot 56; thence North 70 degrees 12 minutes 35 seconds West along the Southerly line 56.89 feet to the point of beginning; thence North 70 degrees 12 minutes 35 seconds West along the Southerly line 22.79 feet; thence North 04 degrees 17 minutes 16 seconds East 159.78 feet; thence South 68 degrees 39 minutes 54 seconds East 22.97; thence 04 degrees 17 minutes 16 seconds West 159.14 feet to the point of beginning, all in Cook County, Illinois.

**Parcel 2**: Easements appurtenant to and for the benefit of Parcel 1 as set forth in the Declaration of party wall rights, covenants, conditions, restrictions and easements for Greenfield Townhomes recorded as Document No. 99845699 and 00683192 and 0611531066, as amended from time to time in Cook County, Illinois.

Tax ID: 31-33-303-013-0000

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances or record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

Borrower and Lender covenant and agree as follows:

UNIFORM COVENANTS.

1. **Payment of Principal.** Borrower shall pay when due the principal of the debt evidenced by the Note.

2. **Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

3. **Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the term of this Security Instrument or the Note without that Borrower's consent.

4. **Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to: Department of Housing and Urban Development, Attention: Single Family Notes Branch, 451 Seventh Street, SW, Washington DC 20410 or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

5. **Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

6. **Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

7. **Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 7, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser. If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 4 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

8. **Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 7 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 8, including, but not limited to, reasonable attorneys' fees and costs of title evidence.**

9.  **Release.**  Upon payment of all sums secured by this Security Instrument, Lender shall release this Security Instrument.  Borrower shall pay any recordation costs.  Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

10.  **Waiver of Homestead.**  In accordance with Illinois law, the Borrower hereby releases and waives all rights under and by virtue of the Illinois homestead exemption laws.

11.  **Placement of Collateral Protection Insurance.**  Unless Borrower provides Lender with evidence of the insurance coverage required by Borrower's agreement with Lender, Lender may purchase insurance at Borrower's expense to protect Lender's interests in Borrower's collateral.  This insurance may, but need not, protect Borrower's interests.  The coverage that Lender purchases may not pay any claim that Borrower makes or any claim that is made against Borrower in connection with the collateral.  Borrower may later cancel any insurance purchased by Lender, but only after providing Lender with evidence that Borrower has obtained insurance as required by Borrower's and Lender's agreement.  If Lender purchases insurance for the collateral, Borrower will be responsible for the costs of that insurance, including interest and any other charges Lender may impose in connection with the placement of the insurance, until the effective date of the cancellation or expiration of the insurance.  The costs of the insurance may be added to Borrower's total outstanding balance or obligation.  The costs of the insurance may be more than the cost of insurance Borrower may be able to obtain on its own.

12.  **Subordinate Mortgage.**  This Mortgage is subordinate to the Mortgage between mortgagor(s), Lashawn Johnson, a Single Woman and Mortgage Electronic Registration Systems, Inc. as nominee for United Wholesale Mortgage, as Lender, dated July 25, 2012 and recorded in the real property records of Cook County, Illinois on August 9, 2012 as Document No. 1222235040, (re-recorded to add correct PUD Rider on January 11, 2013 as Document No. 1301116035), in the amount of $83,460.00, assigned from Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for United Wholesale Mortgage Its Succesors and Assigns to Lakeview Loan Servicing, LLC by Corporate Assignment of Mortgage dated March 11, 2015 and recorded July 10, 2015 as Document No. 1519157044, as further assigned and/or modified, if applicable.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

_____

Lashawn Johnson

STATE OF ILLINOIS                                    )

COUNTY OF _____Cook_____              )

The foregoing instrument was acknowledged before me this ___9___ day of __March_____,
2018 by Lashawn Johnson.

_____

Notary Public

Printed Name: _April B. Senter_

My Commission Expires: _02/03/20_

(SEAL)
OFFICIAL SEAL
APRIL B SENTER
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:02/03/20

**This document was prepared by:**
Lakeview Loan Servicing, LLC
4425 Ponce de Leon Blvd, 5th Floor
Coral Gables, FL 33146

**After Recording Return To:**
Ianniello Anderson, P.C.
Loss Mitigation Dept
805 Route 146
Clifton Park, NY 12065

FHA Case No.: 137-6812369-703
Loan No.: XXXXXX5034

## SUBORDINATE MORTGAGE

THIS       SUBORDINATE       MORTGAGE       ("Security       Instrument")    is    given    on
_____, 2018. The Mortgagor is Lashawn Johnson, a single woman
whose address is 5306 Crosswind Drive, Richton Park, IL 60471 ("Borrower"). This Security Instrument is
given to the Secretary of Housing and Urban Development, whose address is 451 Seventh Street, SW,
Washington DC 20410 ("Lender"). Borrower owes Lender the principal sum of Eight Thousand Seven
Hundred Twenty-Six And No/100 Dollars ($8,726.00). This debt is evidenced by Borrower's note dated
the same date as this Security Instrument ("Note"), which provides for the full debt, if not paid earlier, due
and payable on February 1, 2045. This Security Instrument secures to Lender: (a) the repayment of the
debt evidenced by the Note, and all renewals, extensions and modifications of the Note; (b) the payment
of all other sums, advanced under Paragraph 8 to protect the security of this Security Instrument; and (c)
the performance of Borrower's covenants and agreements under this Security Instrument and the Note.
For this purpose, Borrower does hereby mortgage, warrant, grant and convey to the Lender, with the
power of sale the following described property located in Cook County, Illinois, which has the address of

5306 Crosswind Drive, Richton Park, IL 60471 ("Property Address");

and more fully described as follows:

**Parcel 1**: That part of Lot 56 in Final Plat of Subdivision of Greenfield Planned Unit Development Phase 2, being a resubdivision of part of Outlot A in Final Plat of Subdivision of Greenfield Planned Unit Development of Section 33, Township 35 North, Range 13 East of the Third Principal Meridian, described as follows: Commencing at the most Southeasterly corner of said Lot 56; thence North 70 degrees 12 minutes 35 seconds West along the Southerly line 56.89 feet to the point of beginning; thence North 70 degrees 12 minutes 35 seconds West along the Southerly line 22.79 feet; thence North 04 degrees 17 minutes 16 seconds East 159.78 feet; thence South 68 degrees 39 minutes 54 seconds East 22.97; thence 04 degrees 17 minutes 16 seconds West 159.14 feet to the point of beginning, all in Cook County, Illinois.

**Parcel 2**: Easements appurtenant to and for the benefit of Parcel 1 as set forth in the Declaration of party wall rights, covenants, conditions, restrictions and easements for Greenfield Townhomes recorded as Document No. 99845699 and 00683192 and 0611531066, as amended from time to time in Cook County, Illinois.

Tax ID: 31-33-303-013-0000

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances or record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

Borrower and Lender covenant and agree as follows:

UNIFORM COVENANTS.

1. **Payment of Principal.** Borrower shall pay when due the principal of the debt evidenced by the Note.

2. **Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

3. **Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the term of this Security Instrument or the Note without that Borrower's consent.

4.  **Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to: Department of Housing and Urban Development, Attention: Single Family Notes Branch, 451 Seventh Street, SW, Washington DC 20410 or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

5.  **Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

6.  **Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

7.  **Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 7, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser. If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 4 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

8.  **Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 7 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 8, including, but not limited to, reasonable attorneys' fees and costs of title evidence.**

9. **Release.** Upon payment of all sums secured by this Security Instrument, Lender shall release this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

10. **Waiver of Homestead.** In accordance with Illinois law, the Borrower hereby releases and waives all rights under and by virtue of the Illinois homestead exemption laws.

11. **Placement of Collateral Protection Insurance.** Unless Borrower provides Lender with evidence of the insurance coverage required by Borrower's agreement with Lender, Lender may purchase insurance at Borrower's expense to protect Lender's interests in Borrower's collateral. This insurance may, but need not, protect Borrower's interests. The coverage that Lender purchases may not pay any claim that Borrower makes or any claim that is made against Borrower in connection with the collateral. Borrower may later cancel any insurance purchased by Lender, but only after providing Lender with evidence that Borrower has obtained insurance as required by Borrower's and Lender's agreement. If Lender purchases insurance for the collateral, Borrower will be responsible for the costs of that insurance, including interest and any other charges Lender may impose in connection with the placement of the insurance, until the effective date of the cancellation or expiration of the insurance. The costs of the insurance may be added to Borrower's total outstanding balance or obligation. The costs of the insurance may be more than the cost of insurance Borrower may be able to obtain on its own.

12. **Subordinate Mortgage.** This Mortgage is subordinate to the Mortgage between mortgagor(s), Lashawn Johnson, a Single Woman and Mortgage Electronic Registration Systems, Inc. as nominee for United Wholesale Mortgage, as Lender, dated July 25, 2012 and recorded in the real property records of Cook County, Illinois on August 9, 2012 as Document No. 1222235040, (re-recorded to add correct PUD Rider on January 11, 2013 as Document No. 1301116035), in the amount of $83,460.00, assigned from Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for United Wholesale Mortgage Its Succesors and Assigns to Lakeview Loan Servicing, LLC by Corporate Assignment of Mortgage dated March 11, 2015 and recorded July 10, 2015 as Document No. 1519157044, as further assigned and/or modified, if applicable.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

_____
Lashawn Johnson

STATE OF ILLINOIS              )

COUNTY OF ____Cook____        )

The foregoing instrument was acknowledged before me this __9__ day of __March__, 2018 by Lashawn Johnson.

_____
Notary Public                          (SEAL)

Printed Name: April B. Senter

My Commission Expires: 02/03/20

OFFICIAL SEAL
APRIL B SENTER
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:02/03/20

**This document was prepared by:**
Lakeview Loan Servicing, LLC
4425 Ponce de Leon Blvd, 5th Floor
Coral Gables, FL 33146

**After Recording Return To:**
Ianniello Anderson, P.C.
Loss Mitigation Dept
805 Route 146
Clifton Park, NY 12065

FHA Case No.: 137-6812369-703
Loan No.: XXXXXX5034

## SUBORDINATE MORTGAGE

THIS      SUBORDINATE      MORTGAGE      ("Security      Instrument")      is      given      on
_____, 2018.  The Mortgagor is Lashawn Johnson, a single woman
whose address is 5306 Crosswind Drive, Richton Park, IL 60471 ("Borrower"). This Security Instrument is
given to the Secretary of Housing and Urban Development, whose address is 451 Seventh Street, SW,
Washington DC 20410 ("Lender").  Borrower owes Lender the principal sum of Eight Thousand Seven
Hundred Twenty-Six And No/100 Dollars ($8,726.00).  This debt is evidenced by Borrower's note dated
the same date as this Security Instrument ("Note"), which provides for the full debt, if not paid earlier, due
and payable on February 1, 2045.  This Security Instrument secures to Lender: (a) the repayment of the
debt evidenced by the Note, and all renewals, extensions and modifications of the Note; (b) the payment
of all other sums, advanced under Paragraph 8 to protect the security of this Security Instrument; and (c)
the performance of Borrower's covenants and agreements under this Security Instrument and the Note.
For this purpose, Borrower does hereby mortgage, warrant, grant and convey to the Lender, with the
power of sale the following described property located in Cook County, Illinois, which has the address of

5306 Crosswind Drive, Richton Park, IL 60471 ("Property Address");

and more fully described as follows:

**Parcel 1**: That part of Lot 56 in Final Plat of Subdivision of Greenfield Planned Unit Development Phase 2, being a resubdivision of part of Outlot A in Final Plat of Subdivision of Greenfield Planned Unit Development of Section 33, Township 35 North, Range 13 East of the Third Principal Meridian, described as follows: Commencing at the most Southeasterly corner of said Lot 56; thence North 70 degrees 12 minutes 35 seconds West along the Southerly line 56.89 feet to the point of beginning; thence North 70 degrees 12 minutes 35 seconds West along the Southerly line 22.79 feet; thence North 04 degrees 17 minutes 16 seconds East 159.78 feet; thence South 68 degrees 39 minutes 54 seconds East 22.97; thence 04 degrees 17 minutes 16 seconds West 159.14 feet to the point of beginning, all in Cook County, Illinois.

**Parcel 2**: Easements appurtenant to and for the benefit of Parcel 1 as set forth in the Declaration of party wall rights, covenants, conditions, restrictions and easements for Greenfield Townhomes recorded as Document No. 99845699 and 00683192 and 0611531066, as amended from time to time in Cook County, Illinois.

Tax ID: 31-33-303-013-0000

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances or record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

Borrower and Lender covenant and agree as follows:

UNIFORM COVENANTS.

1.  **Payment of Principal.** Borrower shall pay when due the principal of the debt evidenced by the Note.

2.  **Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

3.  **Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the term of this Security Instrument or the Note without that Borrower's consent.

4. **Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to: Department of Housing and Urban Development, Attention: Single Family Notes Branch, 451 Seventh Street, SW, Washington DC 20410 or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

5. **Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

6. **Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

7. **Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 7, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser. If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 4 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

8. **Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 7 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 8, including, but not limited to, reasonable attorneys' fees and costs of title evidence.**

9. **Release.** Upon payment of all sums secured by this Security Instrument, Lender shall release this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

10. **Waiver of Homestead.** In accordance with Illinois law, the Borrower hereby releases and waives all rights under and by virtue of the Illinois homestead exemption laws.

11. **Placement of Collateral Protection Insurance.** Unless Borrower provides Lender with evidence of the insurance coverage required by Borrower's agreement with Lender, Lender may purchase insurance at Borrower's expense to protect Lender's interests in Borrower's collateral. This insurance may, but need not, protect Borrower's interests. The coverage that Lender purchases may not pay any claim that Borrower makes or any claim that is made against Borrower in connection with the collateral. Borrower may later cancel any insurance purchased by Lender, but only after providing Lender with evidence that Borrower has obtained insurance as required by Borrower's and Lender's agreement. If Lender purchases insurance for the collateral, Borrower will be responsible for the costs of that insurance, including interest and any other charges Lender may impose in connection with the placement of the insurance, until the effective date of the cancellation or expiration of the insurance. The costs of the insurance may be added to Borrower's total outstanding balance or obligation. The costs of the insurance may be more than the cost of insurance Borrower may be able to obtain on its own.

12. **Subordinate Mortgage.** This Mortgage is subordinate to the Mortgage between mortgagor(s), Lashawn Johnson, a Single Woman and Mortgage Electronic Registration Systems, Inc. as nominee for United Wholesale Mortgage, as Lender, dated July 25, 2012 and recorded in the real property records of Cook County, Illinois on August 9, 2012 as Document No. 1222235040, (re-recorded to add correct PUD Rider on January 11, 2013 as Document No. 1301116035), in the amount of $83,460.00, assigned from Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for United Wholesale Mortgage Its Succesors and Assigns to Lakeview Loan Servicing, LLC by Corporate Assignment of Mortgage dated March 11, 2015 and recorded July 10, 2015 as Document No. 1519157044, as further assigned and/or modified, if applicable.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

_____
Lashawn Johnson

STATE OF ILLINOIS                    )

COUNTY OF _____Cook_____          )

The foregoing instrument was acknowledged before me this __9__ day of __March__, 2018 by Lashawn Johnson.

_____
Notary Public                                        (SEAL)

Printed Name: April B Senter

My Commission Expires: 02/03/20

OFFICIAL SEAL
APRIL B SENTER
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:02/03/20

## MARITAL STATUS FORM
## PLEASE COMPLETE THIS FORM IN ITS ENTIRETY

I, Lashawn Johnson, am a

(please check one)

[X] ~~SINGLE~~

[ ] MARRIED – Please include date of marriage: _____ and spouse's name:
_____

[ ] DIVORCED – Please include date of divorce: _____, please also include recorded
Quit Claim Deed
(if applicable), Divorce Decree and Settlement Agreement

[ ] SEPARATED – Please include Recorded Quit Claim Deed (if applicable) and Separation Agreement

[ ] WIDOWED – Please include copy of Death Certificate

[ ] REGISTERED DOMESTIC PARTNER and domestic partner's name:
_____

(please check one)

[ ] MAN

[X] WOMAN

Property address is: 5306 Crosswind Drive, Richton Park, IL 60471

Mailing address is: _5306 Crosswind Drive, Richton Park, IL 60471_

_Lashawn Johnson_

STATE OF ILLINOIS          )

COUNTY OF _Cook_          )

The foregoing instrument was acknowledged before me this _9_ day of _March_____, 2018 by
Lashawn Johnson.

_____
Notary Public

Printed Name: _April B. Senter_

My Commission Expires: _02/03/20_

OFFICIAL SEAL
APRIL B SENTER
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:02/03/20

# MARITAL STATUS FORM
## PLEASE COMPLETE THIS FORM IN ITS ENTIRETY

I, Lashawn Johnson, am a

(please check one)

☑ SINGLE

☐ MARRIED – Please include date of marriage: _____ and spouse's name: _____

☐ DIVORCED – Please include date of divorce: _____, please also include recorded Quit Claim Deed (if applicable), Divorce Decree and Settlement Agreement

☐ SEPARATED – Please include Recorded Quit Claim Deed (if applicable) and Separation Agreement

☐ WIDOWED – Please include copy of Death Certificate

☐ REGISTERED DOMESTIC PARTNER and domestic partner's name: _____

(please check one)

☐ MAN
☑ WOMAN

Property address is: 5306 Crosswind Drive, Richton Park, IL 60471

Mailing address is: _5306 Crosswind Drive, Retton Park IL 60471_

_Lashawn Johnson_
Lashawn Johnson

STATE OF ILLINOIS          )

COUNTY OF ___Cook___       )

The foregoing instrument was acknowledged before me this _9_ day of _March_, 2018 by Lashawn Johnson

_____
Notary Public

Printed Name: _April B. Senter_

My Commission Expires: _02/03/20_

(SEAL)

OFFICIAL SEAL
APRIL B SENTER
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:02/03/20

Marital Status Form

1706998LM

# MARITAL STATUS FORM
## PLEASE COMPLETE THIS FORM IN ITS ENTIRETY

I, Lashawn Johnson, am a

(please check one)

☒ SINGLE

☐ MARRIED – Please include date of marriage: _____ and spouse's name:
_____

☐ DIVORCED – Please include date of divorce: _____, please also include recorded
Quit Claim Deed
(if applicable), Divorce Decree and Settlement Agreement

☐ SEPARATED – Please include Recorded Quit Claim Deed (if applicable) and Separation Agreement

☐ WIDOWED – Please include copy of Death Certificate

☐ REGISTERED DOMESTIC PARTNER and domestic partner's name:
_____

(please check one)

☐ MAN
☒ WOMAN

Property address is: 5306 Crosswind Drive, Richton Park, IL 60471

Mailing address is: _5306 Crosswind Drive, Richton Park IL 60471_

_Lashawn Johnson_

STATE OF ILLINOIS    )
COUNTY OF _Cook_    )

The foregoing instrument was acknowledged before me this _9_ day of _March_, 2018 by
Lashawn Johnson.

_____
Notary Public    (SEAL)

Printed Name: _April B. Senter_

My Commission Expires: _02/03/20_

```
OFFICIAL SEAL
APRIL B SENTER
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:02/03/20
```

Marital Status Form    1706998LM

## MARITAL STATUS FORM
## PLEASE COMPLETE THIS FORM IN ITS ENTIRETY

I, Lashawn Johnson, am a

(please check one)

☑ SINGLE

☐ MARRIED – Please include date of marriage: _____ and spouse's name:
_____

☐ DIVORCED – Please include date of divorce: _____, please also include recorded
Quit Claim Deed
(if applicable), Divorce Decree and Settlement Agreement

☐ SEPARATED – Please include Recorded Quit Claim Deed (if applicable) and Separation Agreement

☐ WIDOWED – Please include copy of Death Certificate

☐ REGISTERED DOMESTIC PARTNER and domestic partner's name:
_____

(please check one)

☐ MAN
☑ WOMAN

Property address is: 5306 Crosswind Drive, Richton Park, IL 60471

Mailing address is: _5306 Crosswind Drive, Richton Park, IL 60471_

_____
Lashawn Johnson

STATE OF ILLINOIS                    )

COUNTY OF _Cook_____                 )

The foregoing instrument was acknowledged before me this __9_ day of _March_____, 2018 by
Lashawn Johnson.

_____
Notary Public

Printed Name: _April B. Senter_____

My Commission Expires: _02/03/20_____

(SEAL)

```
OFFICIAL SEAL
APRIL B SENTER
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:02/03/20
```

# AFFIDAVIT OF TITLE
## LOAN MODIFICATION

Loan No.:  XXXXXX5034

File No.:  1706998LM

STATE OF ILLINOIS                    )
                                       ) ss.:
COUNTY OF _____  )

Lashawn Johnson, being duly sworn, deposes and says:

1. That I (we) reside at 5306 Crosswind Drive, Richton Park, IL 60471 and am (are) fully familiar with the facts and circumstances set forth herein.

2. That I (we) am (are) the owner(s) in fee of the Premises known as 5306 Crosswind Drive, Richton Park, IL 60471, Parcel ID No. 31-33-303-013 (the "Premises"), which is more fully described in the attached Schedule A annexed hereto and made part hereof.

3. That said Premises has been held by me (us) since July 17, 2012. That such ownership and possession has been uninterrupted and continuous, open, notorious, hostile and adverse to all others and exclusive of the right or claim of any other person or persons and title has never been disputed or questioned.

4. No person has a contract for the purchase of said Premises and I (we) know of no facts by reason of which said possession or title may be called in question or by reason of which any claim to any part of said Premises or any interest therein adverse might be set up. That no conditional bills of sale or chattel mortgages have been filed against said Premises or against any personal property or fixtures attached to or used in connection with said Premises.

5. There are no judgments against me (us) unpaid or unsatisfied of record, entered in any court of this State or of the United States, and said Premises are free from all leases, taxes, liens, encumbrances or charges of every nature and description.

6. The Premises are owner occupied.

7. No proceedings in bankruptcy have ever been instituted by or against me (us) in any court or before any officer of any State, or of the United States, nor have I (we) at any time made an assignment for the benefit of creditors, EXCEPT:
   a. Johnson, Lashawn - CH 13 - Case #1:2016bk32056 - Filed10/07/2016 - OPEN
   b. Johnson, Lashawn - CH 7 - Case #1:1999bk31367 - Filed 10/08/1999- Terminated 01/19/2000

8. That there are no actions or proceedings pending anywhere affecting said Premises and no claims or pending claims for accidents or other legal claims with respect to said Premises.

9. That I (we) have not executed as to any other property any bonds secured by mortgage, any extension agreements in or by which I (we) assumed the payment of any mortgage debt, and am (are) not liable on any notes, endorsements, guarantees or other contingent indebtedness.

10. That there are no fixtures in the Premises which have been bought on conditional sales agreements, either filed or unfiled.

11. That there is nothing unconscionable in this transaction.

12. That I (we) have not been known by any other name with in the last ten (10) years.

Combo Title Affidavit

1706998LM

13. That there have been no repairs, alterations, or improvements to the Premises which have not been completed more than eight (8) months prior to the date hereof; nor have any obligations been incurred which have become or will become liens on the Premises herein.   That there are no outstanding claims for mechanic's liens or materialmen's liens against said property.

This affidavit is made to induce Lakeview Loan Servicing, LLC to enter into a loan modification concerning subject Premises.

Dated: _____March 9_____, 2018

_____
Lashawn Johnson

Sworn to before me this __9th__ day of
__March__, 2018
_____
Commission Expiration Date: 0 0 / 03 / 20

OFFICIAL SEAL
APRIL B SENTER
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:02/03/20

Combo Title Affidavit

1706998LM

# AFFIDAVIT OF TITLE
## LOAN MODIFICATION

Loan No.: XXXXXX5034

File No.:   1706998LM

| | |
|---|---|
| STATE OF ILLINOIS | ) |
| | ) ss.: |
| COUNTY OF _____ | ) |

Lashawn Johnson, being duly sworn, deposes and says:

1.  That I (we) reside at 5306 Crosswind Drive, Richton Park, IL 60471 and am (are) fully familiar with the facts and circumstances set forth herein.

2.  That I (we) am (are) the owner(s) in fee of the Premises known as 5306 Crosswind Drive, Richton Park, IL 60471, Parcel ID No. 31-33-303-013 (the "Premises"), which is more fully described in the attached Schedule A annexed hereto and made part hereof.

3.  That said Premises has been held by me (us) since July 17, 2012. That such ownership and possession has been uninterrupted and continuous, open, notorious, hostile and adverse to all others and exclusive of the right or claim of any other person or persons and title has never been disputed or questioned.

4.  No person has a contract for the purchase of said Premises and I (we) know of no facts by reason of which said possession or title may be called in question or by reason of which any claim to any part of said Premises or any interest therein adverse might be set up. That no conditional bills of sale or chattel mortgages have been filed against said Premises or against any personal property or fixtures attached to or used in connection with said Premises.

5.  There are no judgments against me (us) unpaid or unsatisfied of record, entered in any court of this State or of the United States, and said Premises are free from all leases, taxes, liens, encumbrances or charges of every nature and description.

6.  The Premises are owner occupied.

7.  No proceedings in bankruptcy have ever been instituted by or against me (us) in any court or before any officer of any State, or of the United States, nor have I (we) at any time made an assignment for the benefit of creditors, EXCEPT:
    a. Johnson, Lashawn - CH 13 - Case #1:2016bk32056 - Filed10/07/2016 - OPEN
    b. Johnson, Lashawn - CH 7 -  Case #1:1999bk31367 - Filed 10/08/1999- Terminated 01/19/2000

8.  That there are no actions or proceedings pending anywhere affecting said Premises and no claims or pending claims for accidents or other legal claims with respect to said Premises.

9.  That I (we) have not executed as to any other property any bonds secured by mortgage, any extension agreements in or by which I (we) assumed the payment of any mortgage debt, and am (are) not liable on any notes, endorsements, guarantees or other contingent indebtedness.

10. That there are no fixtures in the Premises which have been bought on conditional sales agreements, either filed or unfiled.

11. That there is nothing unconscionable in this transaction.

12. That I (we) have not been known by any other name with in the last ten (10) years.

Combo Title Affidavit                                                                                           1706998LM

13. That there have been no repairs, alterations, or improvements to the Premises which have not been completed more than eight (8) months prior to the date hereof; nor have any obligations been incurred which have become or will become liens on the Premises herein.   That there are no outstanding claims for mechanic's liens or materialmen's liens against said property.

This affidavit is made to induce Lakeview Loan Servicing, LLC to enter into a loan modification concerning subject Premises.

Dated: _____March       9_____, 2018

_____
Lashawn Johnson

Sworn to before me this ___9th___ day of
___March___ ___2018___

Commission Expiration Date: 02 | 03 | 20

OFFICIAL SEAL
APRIL B SENTER
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:02/03/20

Combo Title Affidavit

1706998LM

# AFFIDAVIT OF TITLE
## LOAN MODIFICATION

Loan No.:   XXXXXX5034

File No.:   1706998LM

STATE OF ILLINOIS                    )
                                     ) ss.:
COUNTY OF _____      )

Lashawn Johnson, being duly sworn, deposes and says:

1.  That I (we) reside at 5306 Crosswind Drive, Richton Park, IL 60471 and am (are) fully familiar with the facts and circumstances set forth herein.

2.  That I (we) am (are) the owner(s) in fee of the Premises known as 5306 Crosswind Drive, Richton Park, IL 60471, Parcel ID No. 31-33-303-013 (the "Premises"), which is more fully described in the attached Schedule A annexed hereto and made part hereof.

3.  That said Premises has been held by me (us) since July 17, 2012. That such ownership and possession has been uninterrupted and continuous, open, notorious, hostile and adverse to all others and exclusive of the right or claim of any other person or persons and title has never been disputed or questioned.

4.  No person has a contract for the purchase of said Premises and I (we) know of no facts by reason of which said possession or title may be called in question or by reason of which any claim to any part of said Premises or any interest therein adverse might be set up. That no conditional bills of sale or chattel mortgages have been filed against said Premises or against any personal property or fixtures attached to or used in connection with said Premises.

5.  There are no judgments against me (us) unpaid or unsatisfied of record, entered in any court of this State or of the United States, and said Premises are free from all leases, taxes, liens, encumbrances or charges of every nature and description.

6.  The Premises are owner occupied.

7.  No proceedings in bankruptcy have ever been instituted by or against me (us) in any court or before any officer of any State, or of the United States, nor have I (we) at any time made an assignment for the benefit of creditors, EXCEPT:
    a. Johnson, Lashawn - CH 13 - Case #1:2016bk32056 - Filed10/07/2016 - OPEN
    b. Johnson, Lashawn - CH 7 -  Case #1:1999bk31367 - Filed 10/08/1999- Terminated 01/19/2000

8.  That there are no actions or proceedings pending anywhere affecting said Premises and no claims or pending claims for accidents or other legal claims with respect to said Premises.

9.  That I (we) have not executed as to any other property any bonds secured by mortgage, any extension agreements in or by which I (we) assumed the payment of any mortgage debt, and am (are) not liable on any notes, endorsements, guarantees or other contingent indebtedness.

10. That there are no fixtures in the Premises which have been bought on conditional sales agreements, either filed or unfiled.

11. That there is nothing unconscionable in this transaction.

12. That I (we) have not been known by any other name with in the last ten (10) years.

Combo Title Affidavit                                                                      1706998LM

13. That there have been no repairs, alterations, or improvements to the Premises which have not been completed more than eight (8) months prior to the date hereof; nor have any obligations been incurred which have become or will become liens on the Premises herein.   That there are no outstanding claims for mechanic's liens or materialmen's liens against said property.

This affidavit is made to induce Lakeview Loan Servicing, LLC to enter into a loan modification concerning subject Premises.

Dated: _____ *March 9* _____, 2018

_____
Lashawn Johnson

Sworn to before me this ___9th___ day of
_March 2018_

Commission Expiration Date _02/03/20_

OFFICIAL SEAL
APRIL B SENTER
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:02/03/20

Combo Title Affidavit

1706998LM